UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MONTANA - MISSOULA DIV.

AUG 19 2024
Clerk, U.S. District Courts
District of Montana
Missoula Division

Sukhdev Vaid,
    Petitioner

v

United States of America,
    Respondent
_____/

Case No.# CR 23-25-M-DWM-1
(Hon. Judge Molloy, USDJ)

## MOTION FOR REDUCTION IN SENTENCE
## PURSUANT TO 18 USC §3582(c)(2)

    NOW COMES Sukhdev Vaid ("Petitioner"), who is acting pro-se and submits this Motion for Reduction in Sentence (RIS) pursuant to the provisions of 18 USC §3582(c)(2) and based on the United States Sentencing Commission's Criminal History Amendment 821 - Part B as relating to "zero criminal history." Petitioner requests fair consideration for relief as the Guideline Amendment affects his applicable guideline range and the 3553(a) factors weigh in favor of such relief.

I. JURISDICTION

    This Court has jurisdiction to reduce a sentence under Section 3582(c)(2) "after considering the factors set forth in 18 USC §3553(a)" "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 USC §3582(c)(2).

    Under United States Sentencing Guideline (USSG) §4C1.1, a new Criminal History Category Zero (0) is created and allows for a two-level reduction to the offense level of individuals who meet the required criteria:

1. No criminal history points
2. No adjustment under 3A1.4 (terrorism)
3. No use or credible threats of violence in connection with the offense
4. The offense did not result in death or serious bodily injury
5. The offense is not a sex offense
6. The defendant did not personally cause substantial financial hardship
7. The defendant did not possess, receive, purchase, transport, transfer, sell, or dispense of a firearm or other dangerous weapon in connection with the offense
8. The instant offense is not covered under 2H1.1 (Offenses Involving Individual Rights)
9. The defendant did not receive an adjustment under 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or 3A1.5 (Serious Human Rights Offense); and
10. The defendant did not receive an adjustment for aggravating role (3B1.1) and was not engaged in a continuing criminal enterprise under 21 USC 484

See USSG §4C1.1

On November 1, 2023, the Sentencing Commission retroactively amended the Sentencing Guidelines, giving this Court jurisdiction to hear a motion brought by defendants like Mr. Vaid who, in this case, does not believe that he benefited from the amended guidelines at the time of his sentencing, and otherwise meets the criteria under the Amended Section 4C1.1.

II. RETROACTIVE APPLICABILITY TO PETITION VAID

Petitioner Vaid was convicted via plea agreement in the United States District Court for the District of Montana - Missoula Division. At the time of sentencing, he had an applicable Guideline Range of 41-51 months under Criminal History Category I, reflecting no prior criminal history.

On February 14, 2024, the Honorable Judge Molloy imposed a term of imprisonment at the high end of the guidelines, 51 months, to be followed by 3 years' Supervised Release. In light of the amended guidelines, Petitioner would today have a Guideline Range of 33-41 months under the new Criminal History Category Zero (0). He respectfully requests a reduction in sentence to the low end of that amended range.

2

III. POST-CONVICTION RECORD AND 3553(a) FACTORS SUPPORT A REDUCTION

When evaluating for reduction in sentence under §3582(c)(2), a court is to consider the 3553(a) factors to the extent they are applicable. Mr. Vaid has served nearly a year and a half, approximately 39% of his statutory term (32% full term) completed to date. His Projected Release Date is October 15, 2026 via Good Conduct Time (GCT). This does not include any First Step Act Earned Time Credits (ETCs) for which Mr. Vaid is eligible and will earn credits for participation in programming tailored to meed his individualized needs.

Mr. Vaid poses no risk to the safety of the public or any individual. As a youthful, non-violent first-time offender (who is remorseful and has certainly learned his lesson through this experience), a reduction in sentence is appropriate in this instance. In addition to likely deportation following release from custody, Petitioner accepted responsibility for his actions, immediately changing his plea.

The Bureau of Prisons (BOP) has determined Petitioner Vaid is a LOW Risk for recidivism via its PATTERN (Prisoner Assessment Tool Targeting Estimated Risk and Needs) system designed to measure likelihood of serious misconduct up to three years post-release. Mr. Vaid continues to lower that risk through participation in evidence based programming, in addition to his Federal Prison Industries (UNICOR) work program participation (through which he will also make payments toward restitution via the Inmate Financial Responsibility Program (IFRP)).

Petitioner has incurred zero (0) disciplinary infractions while incarcerated, maintaining impeccable conduct with the goal of full rehabilitation. A reduction in sentence would in no way undermine the goals of sentencing nor would diminish the severity of the offense conduct in this case. A reduction would allow Petitioner

to more quickly return to his family, including his father who is in failing health in India (and his mother who is also sick and providing primary care for her husband).

Petitioner wishes to express his remorse to the Court and to convey that this experience has truly changed him. He asks the Court to use its discretion in determining appropriate relief.

IV. CONCLUSION

Petitioner requests a reduction in sentence to the low end of his new guideline range (33 months) and to any further relief deemed proper and necessary in the interest of justice.

Dated: 08/06/2024

Respectfully Submitted,

_____
Sukhdev Vaid
Fed. Reg. No. # 71033-510
FCI Allenwood Low
PO Box 1000
White Deer PA 17887