

OCT 20 2025
Clerk, U.S. Courts
District of Montana
Missoula Division

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| UNITED STATES,<br>Plaintiff. | No. CR-23-25-M-DWM-2 |
| vs. | |
| SUKHDEV VAID,<br>Defendant. | NOTE: October 24, 2025<br>Hon. Donald Molloy |

### MOTION TO RECONSIDER DENIAL OF TWO POINT REDUCTION
### (Under 18 U.S.C. 3582(c)(2))

The defendant, Sukhdev Vaid, proceeding pro se, hereby moves this Honorable Court to reconsider it's prior erroneous denial of his two point reduction motion (Dkt-72) and grant this motion.

I) PERTINENT FACTS.

On 8/19/2024, Mr. Vaid filed a motion for two point reduction (Dkt-72). This Court erroneously denied the motion stating, "the defendant is not eligible because his conduct created substantial financial hardship for the victims involved." See Dkt-73. The Court's ruling was erroneous because the court failed to make a factual finding that the defendant personally caused the financial hardship as required by U.S.S.G. 4C1.1(a)(6).

II) ARGUMENT.

A) Legal Standard For Reconsideration.

"Although the federal rules of criminal procedure do not expressly authorize motions for reconsideration, the Ninth Circuit has 'approved of the judicial economy' of motions for reconsideration in the appropriate circumstances." US v. Davis, 2021 U.S. Dist. Lexis 56081, 2021 WL 1122574, at *1 (E.D. Cal. Mar. 24, 2021)(citing US v. Rabb, 752 F.2d 1320, 1322 (9th Cir. 1984)), aff'd, 2022 U.S. App. Lexis 9849, 2022 WL 1090945 (9th Cir. Apr. 12, 2022). "No precise 'rule' governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding." US v. Lopez-Cruz, 730 F.3d 803, 811 (9th Cir. 2013). Rather, the courts have "inherent jurisdiction to modify, alter, or revoke" a non-final order in a criminal case. US v. Martin, 226 F.3d 1042, 1048-49 (9th Cir. 2000). A motion for reconsideration is granted only when the movant demonstrates (1) new and material evidence, (2) clear legal error, or (3) intervening change in controlling law. See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

The defendant invokes subsection (2) clear legal error to warrant reconsideration.

B) U.S.S.G. 4C1.1(a)(6) does not apply.

U.S.S.G. 4C1.1(a)(6) states that a defendant is only eligible for the zero-point offender reduction if "the defendant did not PERSONALLY CAUSE substantial hardship (emphasis added)." The plain meaning of the term "personally causes" implies the Court's review is limited to considering only the defendant's personal conduct. See US v. Morris, 2025 U.S. Dist. Lexis 97763 (10th Cir. May 22, 2023). This Court failed to make a factual finding regarding defendant's personal causation, simply because the defendant did NOT personally cause substantial hardship. As the Government argued in Morris, "if the Sentencing Commission wanted courts to look at only the defendant's conduct when considering 4C1.1(a)(3) and (a)(7), it would have included the word "personally" as it does in 4C1.1(a)(6)." Ostensibly, U.S.S.G. 4C1.1(a)(6) unlike (a)(3) and (a)(7) requires the government to prove causation, otherwise the word "personally caused" is rendered meaningless. As the Court reasoned in Morris, "Causing substantial financial hardship, unlike using violence or credible threats..often requires more than one person, each performing one or more acts that ultimately cause the financial hardship. And by excluding only those defendants who "personally caused" the financial hardship, the Sentencing Commission ensures that defendants [like Mr. Vaid] who acted as "middleman" or had minor links in the causation chain, are still eligible for the two-offense level reduction." Id.

Several courts have refused to apply the financial hardship absent a showing that the defendant "personally caused" it. See for example, US v. Daramola, No. 20-2124, 2024 U.S. Dist. Lexis 168969, 2024 WL 4241840, at *5 (D.N.M. Sept. 19, 2024) ("Ultimately, the Court finds that defendants personally cause substantial financial hardship ONLY when they are directly involved in defrauding the victim, not when they act as middleman in a fraudulent conspiracy."); US v. Elendu, No. 20CR179 -14, 2024 U.S. Dist. Lexis 20712, 2024 WL 458643, at *3 (S.D.N.Y. Feb. 6, 2024)("[I]t is assumed that his money laundering activity as a member of a conspiracy that defrauded individuals and businesses would not disqualify him since he did not 'personally cause' substantial financial hardship to the victims.."); cf. US v. Bentley, No. H-22-400, 2024 U.S. Dist. Lexis 143549, 2024 WL 3796181, at *1 (S.D. Tex. Aug. 13, 2024)("Defendant's personal actions in defrauding his investors caused substantial financial hardship...").

III) CONCLUSION.

It is for the points, authorities, and facts cited in this motion, that the defendant requests this motion be granted.

Dated: October 10, 2025

Respectfully submitted by: Sukhdev Vaid
Reg. No. 71033-510
FCI Allenwood Low, P.O. Box 1000
White Deer, PA 17887

-2-