LYNSEY ROSS
Assistant U.S. Attorney
U.S. Attorney's Office
2601 2nd Ave. N., Ste. 3200
Billings, MT 59101
406-247-4632
lynsey.ross@usdoj.gov

*Attorney for the United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EDDLY JOSEPH,<br><br>Defendant. | 9:23-CR-00025-DWM<br><br>**MOTION FOR TURNOVER** |

The United States of America moves the Court pursuant to 18 U.S.C. §§ 3613, 3663A, and 3664 for an order directing the FBI to turn over cashier's checks seized from Defendant in the total amount of $300,280.66 for payment of restitution.

I.    **BACKGROUND**

Defendant owes restitution of $1,236,470.00 jointly and severally with co-defendant Sukhdev Vaid. (Doc. 59 at 7, Doc. 68 at 7.) Defendant pleaded guilty to Wire Fraud and, as part of his plea agreement, agreed to be responsible for complete

1

restitution. (Doc. 28 ¶ 2.) The Court sentenced Defendant to 33 months' imprisonment on December 19, 2023, and ordered Defendant to pay a $100 special assessment and $1,236,470.00 in restitution. (Doc. 59.)

During the course of the FBI's investigation into Defendant's crimes, Defendant provided the FBI with three cashier's checks each payable to "Unis Consulting LLC":

1. Chase Bank No. 5009438802 for **$104,704.75** dated 3/3/2023;
2. USbank, No. 6759509909 for **$92,575.91** dated 4/7/2023;
3. Bank of the West, No. 1000349733 for **$103,000.00** dated 7/5/2023.

The cashier's checks, which **total $300,280.66**, have been combined as a single evidence item and the chain of custody has been executed and preserved by the FBI at all times. See Declaration of Special Agent Grende ¶ 3, attached as Exhibit A. Unis Consulting is the business front which both defendants used to carry out their scheme and both Unis Consulting and the use of cashier's checks were essential parts of their criminal conduct. (Doc. 62 ¶¶ 26-32 and pp. 33-35; Doc. 71 ¶¶ 33-34, 37, 40, 42-44, 46, 48-49.) Defendant formed Unis Consulting and was its manager. See public records for Unis Consulting, LLC, from the State of Florida, attached as Exhibit B.

## II.    ARGUMENT

The United States enforces restitution orders as provided for in Title 18 Chapter 227, Subchapter C (§§ 3571-3574) and Title 18 Chapter 229, Subchapter B

(§§ 3611-3615) and "by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A). All defendants sentenced to pay criminal monetary penalties must do so immediately unless the Court, in the interests of justice, orders otherwise. 18 U.S.C. § 3572(d)(1). Defendant's victims have a "right to full and timely restitution as provided by law." 18 U.S.C. § 3771(a)(6). As of March 6, 2025, the Defendant owes his victims $1,233,671.75.

Upon the Court's oral pronouncement of Defendant's sentence, a lien arose in favor of the United States which was automatically and statutorily attached to all of Defendant's property and rights to property for collection of outstanding criminal monetary penalties. 18 U.S.C. § 3613(c). The restitution lien is treated like a tax lien against all of Defendant's property and rights to property, which includes the funds held by the FBI. *Id.* Upon oral pronouncement, the United States acquired a "right to possession" of the seized cashier's checks, which in turn creates "a legitimate reason to retain the money." *United States v. Mills*, 991 F.2d 609, 613 (9th Cir. 1993).

Courts have consistently held that seized property subject to the 18 U.S.C. § 3613 lien should be applied to a defendant's judgment balance. *See, e.g.*, *United States v. Kaczynski*, 416 F.3d 971, 974-77 (9th Cir. 2005) (allowing enforcement of restitution lien against seized property to satisfy restitution order); *Mills*, 991 F.2d at 612-13 (restitution lien enforceable against all property included property in

government's possession and $2,400 of seized funds applied to restitution); *Lavin v. United States*, 299 F.3d 123, 126-28 (2d Cir. 2002) (finding government's 18 U.S.C. § 3613 lien defeated defendant's interest in return of funds seized near the time of his arrest); *United States v. Dang*, 559 F. App'x 660, 662 (10th Cir. 2014) (affirming order to apply cash seized from defendant as he was taken into custody at sentencing toward his judgment debt in a prior case); *United States v. Wallace*, 213 F. App'x 98, 99 (3d Cir. 2007) (holding defendant has no right to the return of his property seized by the government if the government has a continuing interest in the property, such as an outstanding lien); *United States v. Wilson*, 520 F. App'x 237 (4th Cir. 2013) (per curiam) (affirming order to apply proceeds from sale of melted precious metals seized by ATF during criminal investigation to the restitution order); *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990) (affirming turnover of seized funds to criminal monetary penalties, noting that by doing so "the district court [had] essentially allocated the defendant's property for his benefit rather than depriving him of the property altogether.").

Given the outstanding restitution of over $1.2 million and that the order of criminal monetary penalties in this case constitutes a lien in favor of the United States on all of Defendant's property, the funds held by the FBI are rightfully the property of the United States. *See Mills*, 991 F.2d at 612 (holding that a valid restitution order gives the government a sufficient cognizable claim of ownership).

4

Even if the funds in question were lawfully the property of Defendant (they are not), the property is needed to satisfy Defendant's restitution order and repay his victims, and the United States' cognizable claim is sufficient to defeat any motion for return. *Kaczynski*, 941 F.3d at 976. *See also, e.g., Lavin*, 299 F.3d at 128 (a "defendant's right to the return of lawfully seized property is subject to the Government's legitimate continuing interest in that property."). The United States has a continuing interest in ensuring that the restitution order imposed as part of the sentence is satisfied or partially satisfied.

Because the cashier's checks have remained in FBI custody, the cashier's checks have not been cashed and, indeed, Unis Consulting is a dissolved Florida LLC and therefore cannot take any action as to the cashier's checks. The FBI investigated the source of funds used to draw the cashier's checks and were unable to identify any specific victim who may be entitled to these funds. Decl. Grende ¶ 4. As such, applying the full $300,280.66 to the outstanding restitution balance will fairly benefit all of Defendant's victims.

To facilitate the application of the cashier's checks to Defendant's restitution and in order for the Clerk of Court to be able to deposit the funds, the United States asks the Court (1) to order the FBI to turn over the cashier's checks to the U.S. Attorney's Office, and (2) to order each financial institution to reissue the cashier's check in the same amount but payable to the "Clerk of U.S. District Court".

Representatives of each financial institution have agreed to reissue their respective cashier's check upon order of the Court and are being served a copy of this motion. The United States will serve each institution with any Court order directing the financial institutions to reissue the cashier's checks.

## III.    CONCLUSION

Accordingly, the United States respectfully requests the Court enter its Order directing the FBI to turn over the cashier's checks to the U.S. Attorney's Office for application to Defendant's restitution. To facilitate such application to restitution, the United States further requests the Court order the issuing banks to reissue their respective cashier's check payable to the "Clerk of U.S. District Court."

DATED: March 9, 2026.

**TIMOTHY J. RACICOT**
Acting United States Attorney

/s/ Lynsey Ross
Assistant U.S. Attorney
Attorney for the United States

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served on today's date by First Class Mail, on the following:

Eddly Joseph
[redacted[1]]
Oldsmar, FL 34677

---

[1] Fed. R. Crim P. 49.1(a)(5). Served at the address on file with the U.S. Attorney's Office. Defendants must notify the U.S. Attorney's Office of any change in mailing and residential address within 30 days of the change until restitution is paid in full. 18 U.S.C. § 3612(b)(1)(F).

and via email on the following:

BMO Harris Bank NA
c/o Matthew DiProspero, Director, Financial Crimes Investigations
xxxx@bmo.com

US Bank
c/o Thomas Johnson, VP, Government Investigations
    Gary Wagner, SVP, Associate General Counsel
xxxx@usbank.com

JP Morgan Chase
c/o Tom Trusty, VP Investigator, Global Security & Investigations
xxxx@jpmchase.com

DATED: March 9, 2026.

/s/ Lynsey Ross
    Assistant U.S. Attorney
    Attorney for the United States

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), the attached brief is proportionately spaced, has a typeface of 14 points and contains 1,181 words, excluding the caption and certificates of service and compliance.

DATED: March 9, 2026.

/s/ Lynsey Ross
    Assistant U.S. Attorney
    Attorney for the United States